**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD PAYNE, JR., | ) | |
| | ) | Civil Action No. 12 – 1206 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MICHAEL J. ZAVADA, and BRIAN | ) | |
| S. MILLER, | ) | |
| | ) | |
| Defendants. | | |

**<u>MEMORANDUM ORDER</u>**

This case is before the Court on Plaintiff's Motion to Amend Complaint (ECF No. 16) and Motion for Temporary Restraining Order (ECF No. 17) filed on November 6, 2012.  Each motion will be addressed separately.

**1.   Motion to Amend Complaint**

With regards to the Motion to Amend, the Court notes that on September 28, 2012, Plaintiff was ordered to provide a true and correct copy of his complaint and service forms for each named defendant so that service could be made.  Because he was unable to do so, presumably because the prison was not providing him with sufficient materials such as paper and pens, he filed a motion for temporary restraining order claiming that he was being denied access to the courts.  The Court took it upon itself to make copies for service on the defendants, so Plaintiff's motion for TRO was dismissed as moot on November 1, 2012.

Plaintiff now states that before he received the Court's order informing him that copies had been made, he was able to comply with the Court's previous order to provide a copy of his

complaint for each defendant but could only do so by amending his complaint because he did not have the original of which to make copies.  He states that he submitted copies of his amended complaint and service forms.  Now he seeks leave to have the submitted amended complaint filed as the amended complaint in this case.

Although the Court received the service forms Plaintiff recently submitted, it did not receive a copy of any complaint or amended complaint.  As such, there is no amended complaint to file.  Plaintiff, however, is granted leave to file an amended complaint in this action and he should submit a copy of his amended complaint no later than **fourteen (14) days** from the date of this order or else this case will proceed with the original complaint filed in this matter on September 6, 2012.

**Plaintiff should be aware that his original complaint was actually three separate complaints.**  As such, the complaints were separated and two new cases were initiated.  This case is proceeding with the first of the three complaints in which Plaintiff has sued Defendants Zavada and Miller.  The second complaint is proceeding in case number 2:12-cv-1584 against Defendant Brownfield.  The third complaint is proceeding in case number 2:12-cv-1585 against Defendants Cmar and Walton.  As he was directed to do in this case, Plaintiff will be directed to sign and return an authorization permitting installment payments from his prisoner account in order to pay the $350.00 filing fee for each of those two cases.

## 2.  Motion for Temporary Restraining Order

Plaintiff has filed another Motion for Temporary Restraining Order requesting that the Court direct the defendants to stop denying him access to the Court and provide him with sufficient supplies such as tablets, ink pens, copies, envelopes, postage, and legal work from the law library.

2

Temporary restraining orders and preliminary injunctions are governed under the same standard.  The party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction.  <u>Council of Alternative Political Parties v. Hooks</u>, 121 F.3d 876, 879 (3d Cir. 1997); <u>Clean Ocean Action v. York</u>, 57 F.3d 328, 331 (3d Cir. 1995); <u>Opticians Ass'n of America v. Independent Opticians of America</u>, 920 F.2d 187, 191-92 (3d Cir. 1990).  The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief.  <u>Opticians</u>, 920 F.2d at 192 (citing <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity.  <u>Wetzel v. Edwards</u>, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances."  <u>American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.</u>, 42 F.3d 1421 (3d Cir. 1994) (quoting <u>Frank's GMC Truck Center, Inc. v. General Motor Corp.</u>, 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995).  The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied.  <u>United States v. Stazola</u>, 893 F.2d 34, 37 n.3 (3d Cir. 1990).  The plaintiff bears the burden of establishing a "clear showing of irreparable injury."  <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir. 1989), *cert. denied*, 493 U.S. 848 (1989); <u>ECRI</u>, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable

injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages).  Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief.  Acierno, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).  Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  Rizzo v. Goode, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."   Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

With the above considerations in mind, Plaintiff has not demonstrated that preliminary injunctive relief is warranted in this case.  First, Plaintiff's allegations in his Motion for Temporary Restraining Order bear no relation to the action pending and, therefore, is an impermissible basis for seeking injunctive relief[1] as the issuance of a preliminary injunction is to

---

[1]      See, e.g., Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion was based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested

preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the merits of the pending lawsuit. *See* <u>Acierno v. New Castle County</u>, 40 F.3d 645, 647 (3d Cir. 1994).

Alternatively, even if the Court were to assume that Plaintiff's requests regarding preliminary injunction were sufficiently related to the complaint, the motion would still fail because he is unable to demonstrate a likelihood of success on the merits. The Supreme Court has "consistently required States to shoulder affirmative obligation to assure all prisoners meaningful access to the courts." <u>Bounds v. Smith</u>, 430 U.S. 817, 824 (1977). However, for claims involving inadequate legal supplies such as paper, pens, and photocopying, a plaintiff must show that the alleged inadequacies resulted in an "actual injury" where he was actually denied access to the courts. *See* <u>Lewis v. Casey</u>, 518 U.S. 343, 351-52 (1996); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 n.2 (9th Cir. 1995). Plaintiff has not met his burden.

First, Plaintiff has not specified what legal supplies he has received and what legal supplies he has been denied. The State must only provide the basic supplies, which ensures that the prisoner's access to the court is "meaningful." *See* <u>Phillips v. Hurst</u>, 588 F.3d 652, 656-57 (9th Cir. 2009). The State does not have an obligation to provide unlimited free legal supplies. *See* <u>Twyman v. Crisp</u>, 584 F.2d 352, 360 (10th Cir. 1978); <u>Bach v. Coughlin</u>, 508 F.2d 303, 307-08 (7th Cir. 1974). Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations. <u>Id</u>. If Plaintiff has been provided the necessary supplies to give him

---

in the original lawsuit, they cannot provide the basis for a preliminary injunction); <u>Spencer v. Stapler</u>, No. 04-1532, 2006 U.S. Dist. LEXIS 50940, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006) (denying plaintiff's motion for injunctive relief because it concerns events that are unrelated to the subject of his complaint and concerns conduct of persons other than the named defendants); <u>Westbank Yellow Pages v. BRI, Inc.</u>, No. 96-1128, 1996 U.S. Dist. LEXIS 6785, 1996 WL 255912, *1 (E.D. La. May 13, 1996) (determining that a preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not sought in the underlying action); <u>Williams v. Platt</u>, 2006 U.S. Dist. LEXIS 3169, 2006 WL 149124, *2 (W.D. Okla. Jan. 18, 2006) (concluding that "[a] preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint").

access to the courts, then he would not be successful on an access to courts claim under 42 U.S.C. § 1983.  However, the only information currently available is that Plaintiff has access to a pen, paper, envelope, and postage because he was able to compose and submit this motion to the Court.

Even supposing Plaintiff was denied necessary legal supplies, he would need to prove that he has suffered or will suffer an "actual injury" as a result of the inadequate supplies.  *See* Lewis, 518 U.S. at 351-52.  An actual injury is shown only where a nonfrivolous claim, or one of arguable merit, is lost.  Christopher v. Harbury, 536 U.S. 403, 415 (2003); *see also* Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  Plaintiff cannot just point to alleged lack of legal materials as a basis for injury; rather, he must show that he has or will suffer a relevant, actual injury because of the lack of materials and this he has not done.  Therefore, Plaintiff has failed to meet the burden of proof required to demonstrate that he is being denied access to the courts.

Because Plaintiff has failed to demonstrate that he is entitled to preliminary injunctive relief, his motion will be denied.

**AND NOW**, this 8th day of November, 2012,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 16) is granted to the extent that Plaintiff may file an Amended Complaint in this action within **fourteen (14) days** of the date of this order.  If Plaintiff fails to do so within the time allowed then this case will proceed on the original complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 17) is **DENIED**.

**AND IT IS FURTHER ORDERED** that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, Plaintiff is allowed

fourteen (14) days from the date of issuance of this Order to file an  appeal to the District Judge,

which includes the basis for objection to this Order.  Any party opposing the appeal shall have

fourteen (14) days from the date of service of the notice of appeal to respond thereto.  Failure to

file a timely notice of appeal will constitute a waiver of any appellate rights.



_____

Lisa Pupo Lenihan
Chief United States Magistrate Judge


cc:  **DONALD PAYNE, JR.**
     Westmoreland County Prison
     3000 South Grande Boulevard
     Greensburg, PA 15601